Good morning. I'm Gene Scher, representing Hyundai Motor America, and I'd like to reserve two minutes for rebuttal. This case presents a narrow but important issue of California insurance law, which is whether the use of a patented technique that's central to a system of Internet-based mass advertising is potentially covered as an advertising idea under the standard policy at issue here, thus triggering the insurer's duty to defend. This court, in its 1994 decision in IOLAB, articulated the common-sense distinction that controls this case, and that is the distinction between infringement claims that are based on the sale of an infringing product or process, and claims, on the other hand, that the marketing itself, independent of the product being sold, infringes the asserted patent. And as IOLAB noted, this was the same distinction that was drawn by the California Supreme Court and Bank of the West. Now, the district court rejected that distinction and thus held that patent infringement claims can never trigger coverage under this policy, and in so doing, we think the district court made three fundamental errors that I'd like to address today. The first relates principally to the issue of causation, which I'll address first, because it highlights why this case falls so cleanly within the second IOLAB category. That error was... Yes. I don't know what kind of matters he handled, but the error that he made, which is an understandable one, and it's also reflected in the insurer's brief, is a failure to acknowledge the full extent of the infringement that the plaintiff in the underlying case, Orion, alleged. Now, the undisputed facts that are in the record show that Orion challenged not just the creation of Hyundai's web systems, but their ongoing use. If you look at the complaint, for example, at pages 25 and 26 of the excerpts of records, the complaint says that Hyundai infringed by making and using the challenged marketing systems, and later it says that Hyundai infringed by practicing Orion's inventions on its various websites. As also explained in the declaration of Jason Erb, Orion contended throughout the litigation that the website itself practiced the patented method when users visiting the site could get the information that they wanted. And so it wasn't just the creation of the website initially, but it was each use of each time the website computers responded to a query from a consumer or potential customer, that was a separate act of infringement under Orion's theory during the litigation. In fact, Orion sought damages not based on the initial creation of the website, but based on the ongoing sales, which they claimed were attributed to the ongoing infringement. So there can be no doubt that at least some of the alleged infringement in this case satisfied the causation requirement in the policy, which says causation is satisfied if the alleged misappropriation occurred in the course of the advertising. Even if some infringement also occurred before the advertising or independent of the advertising, under cases like Partridge, it's enough that some of the challenged activity fall within the terms of the policy for defense purposes. So these facts make clear, we think, that this is the kind of case contemplated by IOLAB and Bank of the West, where the claim is that the marketing itself, independent of the product, infringes the patent. Now, the district court and the insurers say that there is an insufficient causal connection between the advertising and Orion's infringement claim, because the infringement, they say, could have occurred irrespective of the advertising. But that's just a non-sequitur, for one thing. And for another, that argument, if accepted, would create an absurdly high causation barrier to coverage in a wide variety of circumstances. It's like saying that if somebody breaks their leg in an automobile accident and they assert a claim under their auto insurance policy, they have an established causation because their leg could have been broken in a skiing accident. Doesn't matter that it actually happened in the auto accident. Counsel, a point is made that they claim that this is solicitation rather than advertising. How do you respond to that? Well, if you look at the patents themselves, one could make an argument that the patents themselves are limited to solicitation. And, in fact, that was one of our bases for challenging infringement below. But the test is not what the patents say. The test is the scope of the property right that Orion itself claimed during the litigation. And their claim was that their patent didn't cover just one-on-one solicitation kinds of situations, but that it covered the mass marketing effort represented in Hyundai's website. And that brings me to the second fundamental error. What is the definition of solicitation to carry Judge Fletcher's question one step further? In your view, what is the proper definition of solicitation in the context of the policy? Well, I think it would have to be some kind of one-on-one interaction like the Hamid case, for example, involved sending individual flyers to specific named customers of a hair salon. I mean, that would be solicitation. But here, Hyundai isn't generating any specific queries or isn't initiating contacts with individuals. It offers its website to individuals who want to come and use it to find out more information. So it's not solicitation. And, again, the test for advertising under Hamid, which is the relevant California precedent here, is whether there were promotional communications directed to the public at large. And that's clearly what Hyundai was doing here. But the second fundamental mistake the district court made was in failing to grasp the nature and extent of the property right that Orion claimed. And I've already touched on that for just a minute, but basically the advertising idea that they claimed was using computers on a massive scale to automatically provide product information tailored to potential customers' expressed interest. That was the basic advertising idea to which they claimed a property right. And under the policy language, then, their infringement suit was a claim for misappropriation of that advertising idea. And, of course, the California Supreme Court's decision in the AIU case says that even if a new type of liability is claimed, that liability is covered under a CGL policy as long as the liability fits within the ambit of the term, of the policy term. And there's no question that the right that Orion actually claimed fits well within the ambit of the term advertising or advertising idea. The third fundamental error is that the district court treated the absence of the term patent infringement as virtually dispositive of the issue. I've already mentioned IALAB, which recognized the distinction between infringement claims based on the sale of a patented product and claims that are based on promotion independent of the product. I mentioned, too, that IALAB relied on Bank of the West, which, if you look at page 1271 of the court's opinion in But if it's based on the sale or imprecation of the product rather than its advertisement. And that strongly implies that patent infringement claims that are based on an advertisement can be covered, which is directly contrary to the district court's holding. The Court of Appeals decision in LABA is another good example that rebuts the idea that the was not included in the policy there as it's not in the policy here. But I'll reserve the rest of my time. Thank you. Thank you. Good morning, Your Honors. My name is Richard Nicolaides, and I represent National Union American Home. May it please the Court. The issue before the Court is whether the patent infringement lawsuit filed by Orion against Hyundai implicates advertising of a product that is not a patent infringement. The answer is no. There is no advertising activity. None of the enumerated offenses are at issue. And number three, the causal connection requirement is not satisfied. How can you say that there's no advertising going on here? Under California law, the definition of advertisement is widespread distribution of promotional material to the public at large. Well, there's no question that a website could be used for advertising purposes. And many forms of the Internet could be used for advertising purposes. But in the context of this claim, based on what is being alleged and the patents at issue, that is not the case. Orion does not allege anything about advertising. The complaint, the gravamen of the complaint, is really about the wrongful use of a patent. It has nothing to do with advertising. Well, that states the conclusion, but it isn't reasoning. And let me give you an example and ask you why it's any different than what happened here. Let's suppose someone figures out a way to put moving parts on billboards so that you're advertising a bicycle and there's somebody who appears to be riding the bicycle, and they patent that mechanical device. Now, surely if somebody advertises, you know, Schwinn bicycles using that, they're using the patented item as part of their advertising. Would they be entitled to a defense if the person who invented the moving billboard sued and said, you're using my invention in your advertising? No, that would not fall within the scope of advertising coverage. It may be closer to satisfying the advertising activity because a billboard is generally promoting to the general public at large. What's your best case for your assertion that my example in the non-Internet world would not constitute an advertising? Well, there are a number of California cases. Peerless Lighting, Rambe Corp., Scottsdale Insurance, they all stand for the proposition that one-on-one solicitation is not advertising. Wait a minute, I asked you about a giant billboard in a public place. I didn't ask you anything about solicitation. And a giant billboard could satisfy the advertising requirement. That's why I asked you the question, because you made separate points, one of which was that because there's a patent infringement involved, it can't possibly constitute an advertising injury. And that's part of your comments that I was addressing. I guess I'm distinguishing the first element of advertising activity from the second element of one of the enumerated offenses, which deals with the advertising injury. So simply with respect to the patent issue here, it is a patent that it is a process that can prepare a customer-specific proposal based on a customer going into the Internet and wanting to do that. That's separate from an advertisement for a car in the newspaper. Okay, well, let me give you another example and see if you can tell me whether this counts as advertising or solicitation. Let's say that in a heavily traveled public mall, there is another big billboard that says, I offer X, Y, Z kinds of services. Let's say it's a hair salon or something. And at the bottom of the billboard, there are a bunch of business cards. And it says, if you're interested in talking to me about what I can do for your hair styling, give me a call. Is that an advertisement, even though the person has left their business cards and can have a later conversation with an individual in response? Yes, I would say the billboard to sign in the first instance is an advertisement. So why is that any different than this case? Why isn't that the modern equivalent of somebody picking up the business card and calling and saying, okay, let's now talk about the specifics? Well, I'm drawing a distinction between the initial billboard that draws the attention of the public to it, but the actual conversation that takes place later. That's not advertising, that's solicitation. That's like me going into a showroom, a car showroom, and talking to the sales representative about a particular car. You know, that's not advertising, that's sales, that's solicitation. And I think there is a difference. But going to the other issue you raised regarding advertising injury, in order for there to be coverage, one of the enumerated offenses has to be implicated. There's no question that patent infringement is not among the enumerated offenses. And there's no question that no court applying California law has ever found patent infringement to fall within the scope of any of the offenses. So the argument Hyundai makes is that Orion's patent infringement claims fall within the scope of the offense of misappropriation of advertising ideas, doing business. That can't be the case under California law, because under California law, the idea of an advertising idea concerns the elements of the advertisement itself, as this court held in IOLAB. And by the elements of the advertisement itself, we're talking about the logos, we're talking about the phrases, we're talking about the text, we're talking about pictures, we're talking about images. So going back to my earlier item, the moving bicycle on the billboard wouldn't be an advertising idea in your view? I guess it is possible that it could be. Okay. And so does it lose that characteristic if the person who had the idea decides to patent it? I don't think it does. I don't think it's the nature of the patent that automatically says no, but it's the nature of the claim and the exposure, meaning it's what is the insured seeking, what is the claimant seeking indemnity for, what is the potential liability at issue. In this case, we're not talking about an instance where Hyundai has a patent infringement claim. Hyundai is using the advertising ideas of Orion, meaning they're not competitors, and it's not like Hyundai is using the Apple. So in my example, the person who invented the moving bicycle part doesn't sell bicycles, they just sell moving signs. Why would they have to be competitors? Well, it doesn't have to be a competitor, but usually it is, based on California law. So if I'm going to sell a company and I use the Apple, an Apple logo, or if I want to sell a soda product and I'm going to use as the shape of my bottle a Coca-Cola type bottle, and that is what an advertising idea has been recognized to be. In this case, there's no allegation that Hyundai is using the advertising ideas of Orion to the extent there's no allegations that we're using anything else. There's no allegation that Hyundai is using the advertising ideas of Orion to the extent there's no allegations that we're using anything else. What do you think the patent protects? The patent protects the unauthorized use of the patented technology. Which is an advertising idea. Respectfully, I disagree. I don't think it is an advertising idea under California law. Under common sense it is. Not as it's alleged in this case, Your Honor. I don't think so. Because it's not an element of an advertisement in the sense that it's the text, that it's the form, that it's the logo, that it's pictures. No. I understand that. Can I discuss briefly the causation issue? As I said earlier, the only reasonable interpretation of the complaint is that the gravamen of the injury is the use of a patent. In Simply Fresh, this court said that if the use of a patent is what is at issue, then as a matter of law, the causal connection requirement cannot be satisfied. But that was a totally different situation, factually, than this case. I mean, here, it's the very use of the idea that it's taking place within the advertising context. If the question were whether the car that's being sold uses someone else's patents, then you would have the Simply Fresh situation. But that isn't what happened here. My time is just about time to respond. Please. Okay. Simply Fresh stands for the proposition that if the gravamen of the complaint is the wrongful use of a patent, then the causal connection cannot be satisfied. In this case, Orion is simply alleging they used our patent without our permission. It is the use, separate from any advertising that may have taken place, that gives rise to the injury that Orion is claiming. And so there is no reason to distinguish the Orion claim from the claims at issue in Simply Fresh. It's a matter of using a patent without permission. Does that answer your question? I understand your position. Okay. Thank you, Your Honors. We respectfully request that the Court confirm. Thank you. Just a couple of quick points, Your Honors. Judge Graber, I like your hypothetical, but I think this is an even easier case than in your hypothetical. Because in this situation, we don't have a device patent, as in your hypothetical. Your hypothetical assumed a device patent on the bicycle mechanism. In this case, all we have is a business method patent on the idea of using moving signs to sell products. And so this is an even easier case. The insurers attempt to draw a distinction between the advertising and subsequent conversations, but it's important to understand the way that Hyundai's website works in that regard. Orion claimed that Hyundai was engaged in infringement, even if there was never any human contact between the potential customer and the company or a dealer. They claimed that the infringement was when Hyundai's computers responded with information that met the potential customer's desires in some way. So there was clearly no solicitation under any proper interpretation of that term. And finally, we outlined this in our brief, but Orion during the course of the litigation did in fact at several instances expressly assert that what it was challenging here was an element of Hyundai's advertising. It said that several different times, but the references are in our brief. What if a car dealer had a customer or a potential customer come into the dealership and put them in a room and said, here are all the different parts of our car, and this is what these extras cost. Now put this all together and let me see what it is you want, and I'll tell you how much it costs. That would not be an advertising idea. That would be a solicitation, I think. But if instead of doing that, the car dealership on a mass basis... What if they had an add-on? Come into our dealership. We've got the pieces. You sit down and figure out what it is you'd like. It's a game, and then we'll tell you what it costs. That's a solicitation too, you'd say. Once the customer gets to the dealership, I would agree with you that that's a solicitation, but before the customer responds to the advertising, it's just advertising. Again, the test for advertising is articulated in Hamid. If the dealer is providing information to the general public on a widespread basis, which is what he would be doing with the advertisement, that satisfies the definition of advertising. But once the customer comes into the dealership, it's a different ballgame. But again, that's not what happens with Hamid's websites. The customer never actually comes into the dealership in any sense. What if all those pieces were mailed out randomly? They do some market research, and they think these are the kind of folks that would like this type of product. Then I think that would be advertising. If it was sent to a mass audience rather than a specific list of known customers, as in the Hamid situation, that would be advertising. In a way, it's analogous to the situation we have here. It's kind of like sending out not a bound brochure, but sending out a folder with a bunch of information on different products, and then you let the customer decide. You let the customer shuffle the papers around and decide what's most important to them. That's advertising. There's a little bit of customization in it, but it's still advertising. Would that be an infringement as well? Not necessarily. Yeah, I don't think Orion would claim that's an infringement because it doesn't involve a computer. The thing that's unique about this is that it involves a computer, and that was the basis for their infringement claim. Well, what if you had a computer, from the computer cut out the pieces and send the pieces out? Yeah, that would be advertising too, and it might well be infringement. We think for the reasons that we've discussed, the district court... I'm just trying to create more business for the law profession. We do think the district court made some fundamental, albeit understandable errors that require reversal, and we urge the court to do that. Thank you.
judges: Fletcher B. , Pregerson, Graber